IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER LYNN TURNER, #687552,     § | | |
|     Petitioner,     § | | |
| § | | |
| v.     § | | 3:09-CV-1786-D |
| § | | |
| RICK THALER, Director,     § | | |
| Texas Department of Criminal Justice,     § | | |
| Correctional Institutions Div.,     § | | |
|     Respondent.     § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Eastham Unit in Lovelady, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  On September 29, 2009, the court issued a notice of deficiency and order to Petitioner, requiring him to submit a certified statement of the balance in his inmate trust account for the six-month period preceding the filing of the petition. The order cautioned Petitioner that failure to cure the deficiency would result in the dismissal of his petition for failure

to prosecute.  As of the date of this recommendation, Petitioner has failed to comply with the deficiency order.  Nor has he requested an extension of time to do so.

Findings and Conclusions:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to comply with the deficiency order and submit a certified statement of the balance in his inmate trust account.  However, he has failed to do so.  Therefore, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] When a litigant is barred by the statute of limitations from re-asserting his/her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice which requires the court to apply the higher *Callip* standard.  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Where limitations "prevents or arguably may prevent" further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile); *Curtis v. Quarterman*, 2009 WL 2351620, *1-2 (5th Cir. Jul. 31, 2009) (unpublished per curiam) (applying higher standard of review to a § 2254 habeas case dismissed for want of prosecution).  The higher standard, however, is limited to a case that was timely when filed.  *See Curtis*, 2009 WL 2351620, *1 (applying higher

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution.

Signed this 10th day of November, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

standard of review because one-year limitations period expired during pendency of § 2254 habeas case).

   In this habeas corpus action, Petitioner seeks to challenge a forgery conviction for which he was sentenced to forty years imprisonment on June 17, 1994. *See State v. Turner*, No. F91-38662-K (Crim. Dist. No. 4, Dallas County, 1994), appeal dismissed for want of jurisdiction, No. 04-94-00650-CR (Tex. App., San Antonio, Jan. 25, 1995, pet. ref.); *Ex parte Turner*, WR-30,718-01 (Tex. Crim. App. Aug. 28, 1996) (art. 11.07 application denied without written order on the trial court's findings without a hearing).

   Petitioner did not file the federal petition in this case until September 24, 2009, long after the one-year limitations period had elapsed. *See* 28 U.S.C. § 2244(d) (setting out one-year limitations period for filing § 2254 habeas petitions). Thus, while the dismissal in this case is, for all purposes, a dismissal with prejudice, the court need not apply the higher *Callip/Berry* standard of review.